## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JOBEY HENDERSON,**

    **Plaintiff,**      **CIVIL ACTION NO. 12-CV-12228**

  **vs.**

              **DISTRICT JUDGE DAVID M. LAWSON**

**CARROUS FREDERICK ROBINSON,** **MAGISTRATE JUDGE MONA K. MAJZOUB**

    **Defendant.**

_____/

### REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION:**  This Court recommends that Plaintiff's motion for reconsideration (docket no. 13) be **DENIED** and Plaintiff's case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

   In light of the above recommendation, Plaintiff's motion to compel discovery (docket no. 14), motion for an order to compel (docket no. 17), and motion for subpoenas and order to compel discovery (docket no. 18) should be **DENIED** without prejudice to the motions being reconsidered should the above recommendation not be adopted.

**II.** **REPORT:**

   Plaintiff Jobey Henderson, an inmate at Alger Maximum Correctional Facility, brings this *pro se* action against Defendant Carrous Frederick Robinson.  The Court granted Plaintiff's application for leave to proceed *in forma pauperis* in June 2012.  (Docket no. 3).  Counsel has appeared on behalf of Defendant Robinson and has filed an answer to the complaint.  (Docket nos. 7, 9).  All pretrial matters have been referred to the undersigned for action.  (Docket no. 4).

1

The allegations in Plaintiff's complaint are difficult to decipher. Plaintiff alleges that he brings this action against the Offices of Carrous Frederick Robinson, an attorney, pursuant to 28 U.S.C. §§ 1331, 1332, 1357, 1367, 1441(b), the Fifth and the Fourteenth Amendment of the United States Constitution, commercial treaty (service activities), private treaty (property negotiated), U.S. Constitution Article II section 2 and laws of the United States, 28 U.S.C. 2201 *et seq*., 28 U.S.C. § 1446, E.D. Mich. L.R. 9.1(a), and Fed.R.Civ.P. 38(b). (Docket nos. 1, 13). He claims that Defendant received "services of several commercials & certain money in the sum of $10,000." He claims that while Defendant should earn something, "$10,000 paid is excessive." He further claims that Defendant caused a loss to occur due to wrongful taking, embezzlement, or misappropriation when the "estate failed to return principle money unearned by mistake & or conditions." (Docket no. 1, Affidavit).

Plaintiff seeks punitive and compensatory damages based on Defendant's actions of deceit, malice and/or recklessness, and to compensate him for his emotional distress resulting from Defendant's failure to exercise a degree of care. He also seeks compensation for lost earnings, invisible defamation, and for damages he incurred based upon Defendant's breach of duty under M.R.P.C. 1.1, 1.2, 1.5, and 1.14. In addition, Plaintiff requests a declaratory judgment as to whether Defendant's methods and practices were unlawful, whether Plaintiff's constitutional rights were violated when Defendant failed to inform him that "part of the agreement, bargain & plea would mechanically rape him of rights under the constitution to vote in presidential elections," whether Defendant failed to monitor employees acting in concert with Defendant, and whether Defendant failed to protect Plaintiff from Defendant.

The undersigned has screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),

which states that a district court has a duty to dismiss at any time a case in which the plaintiff is proceeding *in forma pauperis* if it determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A complaint lacks an arguable basis in law or fact if it contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless."  *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28).  A complaint fails to state a claim on which relief may be granted if fails to contain facts sufficient to state a claim to relief that is plausible on its face.  *Bishop v. Lucent Tech., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 570 (2007)).

Federal courts are required to liberally construe the pleadings of a *pro se* plaintiff and hold them to a less stringent standard than similar pleadings drafted by attorneys.  *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999) (citation omitted).  Even so, a *pro se* plaintiff's complaint must meet basic pleading standards.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

In this case, even viewing the allegations in the light most favorable to Plaintiff, the complaint fails to suggest any basis for relief or set forth facts sufficient to state any plausible claim against Defendant.  On February 22, 2013, the undersigned entered an order denying Plaintiff's motion for appointment of counsel, citing the fact that Plaintiff does not have a constitutional right to counsel.  (Docket no. 12).  Plaintiff has moved for reconsideration of that order.  (Docket no. 13).  The undersigned suggests that there is no basis for reconsidering the order denying appointment of counsel.  Instead, the undersigned recommends that Plaintiff's motion for reconsideration (docket no. 13) be denied and this case be *sua sponte* dismissed under 28 U.S.C. § 1915(e)(2)(B).

3

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen (14) days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 16, 2013                     s/ Mona K. Majzoub
                                                            MONA K. MAJZOUB
                                                            UNITED STATES MAGISTRATE JUDGE

4

**<u>PROOF OF SERVICE</u>**

I hereby certify that a copy of this Report and Recommendation was served upon Jobey

Henderson and Counsel of Record on this date.


Dated: September 16, 2013                    <u>s/ Lisa C. Bartlett               </u>
                                                                  Case Manager