UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOBEY HENDERSON,

       Plaintiff,                                Case Number 12-12228
                                                    Honorable David M. Lawson
v.                                                  Magistrate Mona K. Majzoub

CARROUS FREDERICK ROBINSON,

       Defendant.
_____/

## OPINION AND ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DISMISSING PLAINTIFF'S MOTIONS AS MOOT, AND DISMISSING COMPLAINT

Plaintiff Jobey Henderson, a Michigan prisoner, filed a *pro se* complaint against attorney Carrous Robinson alleging violations of the Constitution and federal law. The Court referred the case to Magistrate Judge Mona K. Majzoub for all pretrial matters. Although it does not appear that the plaintiff has sued a government or state actor, Judge Mazjoub has reviewed the complaint and concluded that it lacks merit. On September 16, 2013, she filed a report recommending that the Court dismiss the complaint on its own because it does not state a plausible claim for relief. She also recommends that the Court deny the plaintiff's pending motions for discovery and motion to reconsider the order denying his motion to appoint counsel. The plaintiff filed timely objections to the report, and this matter is now before the Court.

I.

Plaintiff Henderson currently is a prison inmate confined at Michigan's Alger Correctional Facility in Munising, Michigan. As the magistrate judge observed, the precise allegations of the complaint are difficult to discern. However, the plaintiff's affidavit attached to the complaint specifies some details that serve to illuminate the premises of the complaint. The plaintiff states that

defendant "Robinson was hired to represent plaintiff [at] trial in a criminal matter," Compl. at 4, "Robinson failed to withdraw [the plaintiff's] plea when instructed," *ibid.*, and "[Robinson] failed to inform [plaintiff] that part of the agreement, bargain [and] plea would mechanically rape him of rights under the constitution to vote in presidential elections," Compl. at 2. Based on the facts asserted in the pleadings, the Court finds that the complaint reasonably could be interpreted as raising claims against the plaintiff's state court criminal defense counsel for (1) violations of the plaintiff's due process rights under the Fifth and Fourteenth Amendments, and 42 U.S.C. § 1983; and (2) state law causes of action including breach of contract, fraud, negligence, intentional and negligent infliction of emotional distress, and defamation. Although the complaint does not cite 42 U.S.C. § 1983, that statute is the most apparent authority under which the plaintiff's claims for violation of his rights under the constitution and "laws/treaties of the United States" could be raised. The underlying premise of the complaint appears to be the plaintiff's belief that his trial attorney failed fully to advise him of the collateral consequences of his state court conviction and overcharged him for shoddy work.

The magistrate judge recommended dismissal because the complaint is incomprehensible and does not state a recognizable claim for relief. The plaintiff's objections mainly reiterate the allegations of the complaint, with some added factual details. He also contends that he is entitled to petition the government for redress of grievances.

II.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667

(1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Court has reviewed the pleadings, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the record in light of the plaintiff's submissions.

In her report, the magistrate judge recommended that the complaint be dismissed because it fails to set forth any comprehensible claim against the defendant. That view perhaps is reasonable, since the limited information provided in the admittedly vague and somewhat incoherent pleadings does not provide the clearest statement of a legal claim. However, upon a fresh review of the pleadings as a whole, the Court finds that, if generously construed, the complaint could be viewed fairly as attempting to state the federal and state law claims described above. The Court finds, however, that (1) the federal constitutional claims must be dismissed with prejudice, because defendant Robinson, as the plaintiff's criminal defense attorney, is not a "state actor" for the

purposes of those claims, and therefore could not be liable under the relevant federal statute; and (2) the state law claims must be dismissed because the complaint contains no factual allegations sufficient to establish that this Court has subject matter jurisdiction over those claims.

The plaintiff requested and was granted permission to proceed *in forma pauperis*. When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the Court should dismiss the case at any time it becomes apparent that the case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28).

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal wrong has been committed, Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). "The leniency granted to *pro se* [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d. 710, 714 (6th Cir. 2004). The screening authorized by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007). Dismissal on the Court's own motion is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

"Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by the reviewing court but conclusions may not be unless they are plausibly supported by the pleaded facts. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded. *Iqbal*, 556 U.S. at 681 (quoting *Twombly*, 550 U.S. at 555).

A. Federal Constitutional Claims

The plaintiff's constitutional claims must be dismissed because, as the plaintiff's criminal defense attorney, defendant Robinson is not a "state actor," and he therefore is not subject to liability under 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). In order for liability to attach under section 1983, "the party charged with the deprivation must be a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid

from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Absent some plausible and specific factual showing that he acted in concert with state officials to deprive the plaintiff of some constitutional right, a criminal defense attorney is not a "state actor" and is not subject to suit under 42 U.S.C. § 1983. *Elrod v. Michigan Supreme Court*, 104 F. App'x 506, 508 (6th Cir. 2004); *accord Bomer v. Muechenheim*, 75 F. App'x 998, 999 (6th Cir. 2003) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Henderson alleges that Robinson failed him as an attorney in various ways, but he offers no facts to establish that any of those failures were the result of action taken in concert with any state official.

## B. State Law Claims

The remaining claims that might be discerned from the complaint all arise under state law. If the plaintiff had stated a colorable federal claim, the Court would have supplemental jurisdiction over his state law claims as well. 28 U.S.C. § 1367(a). However, when no diversity jurisdiction is apparent from the complaint, subject matter jurisdiction will not lie where no substantial federal question can be discerned from the allegations of the complaint. *See Ex parte Poresky*, 290 U.S. 30, 31-32 (1933). Claims do not meet this criterion when they are "devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," or "no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (collecting cases). A more functional formulation was provided by the *Poresky* Court:

> The question may be plainly unsubstantial, either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.

*Poresky*, 290 U.S. at 32. A case is "obviously without merit" if the complaint alleges only "a frivolous connection between the constitution and the subject matter of the dispute," or if the claim in question is "immaterial to the real controversy." *Garvin v. Rosenau*, 455 F.2d 233, 239-40 (6th Cir. 1972) (finding no basis for the district court's conclusion that students' First Amendment suit against principal was insubstantial when he refused to recognize the students' committee solely because of the students' political views).

A complaint purporting to allege a violation of Constitutional rights against a non-state actor does not state a substantial federal claim. Therefore, this Court cannot exercise jurisdiction over the plaintiff's state law claims against his attorney based on supplemental jurisdiction; there must be an independent basis for federal jurisdiction. That can only mean jurisdiction based on diversity of citizenship.

Diversity jurisdiction is authorized by 29 U.S.C. § 1332, which states, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States . . . ." 28 U.S.C. § 1332. "Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (quotation marks omitted). "[C]itizenship for purposes of 28 U.S.C. § 1332(a) means domicile rather than residence." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). Although the complaint alleges that the defendant's "personal representative (Rachel Robinson) is a citizen of Ohio," it contains no allegations as to the citizenship of the sole named defendant, Carrous Frederick Robinson, and it therefore does not disclose sufficient facts to establish that the Court has diversity jurisdiction, regardless of the alleged amount in controversy.

C. Right to Petition

In his one substantive objection that might be construed as directed to the report and recommendation, the plaintiff contends that the case should not be dismissed because he has a First Amendment right "to petition the government for a redress of grievances." The Petition Clause generally guarantees a citizen's right to present complaints to the political branches of government, and forbids those branches from retaliating against the citizen for complaining. *See Borough of Duryea v. Guarnieri*, --- U.S. ---, ---, 131 S. Ct. 2488, 2500 (2011). However, when filing a lawsuit that asks the Court to adjudicate a private dispute, a plaintiff must follow the rules of procedure and present a plausible claim. Dismissal of insubstantial claims does not abridge the plaintiff's rights under the Petition Clause of the First Amendment.

The plaintiff's objections will be overruled.

III.

After a fresh review of the pleadings and the materials submitted by the parties, the Court finds that the magistrate judge properly concluded that the complaint must be dismissed, and the Court therefore will adopt in part the report and recommendation. The Court has considered all of the defendant's objections to the magistrate judge's report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #19] is **ADOPTED IN PART**. The plaintiff's objections [dkt. #20] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's federal constitutional claims are **DISMISSED WITH PREJUDICE**. The plaintiff's state law claims are **DISMISSED** without prejudice.

It is further **ORDERED** that the plaintiff's motion for reconsideration [dkt. #13], motions to compel [dkt. #14, 17], and motion for subpoenas [dkt. #18] are **DISMISSED** as moot.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 10, 2014

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 10, 2014.

s/Shawntel Jackson
SHAWNTEL JACKSON